IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREA NAKAGAWA,                  No. C 06-2066 SI

        Plaintiff,                          **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

   v.                                                **PRODUCTION OF DOCUMENTS**

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,

        Defendant.
                                       /

Plaintiff Andrea Nakagawa has filed by letter brief, a motion to compel production of third party personnel files by defendant Regents of the University of California. Having considered the papers submitted, the Court hereby GRANTS in part plaintiff's request.

**BACKGROUND**

On February 9, 2006, plaintiff filed a first amended complaint against defendant alleging federal and state claims of employment discrimination based on age, gender and race. On April 19, 2007, defendant filed an answer to the complaint. On May 8, 2007, and again on October 2, 2007, plaintiff propounded requests for production of documents. Over the course of the next several months, the parties engaged in numerous "meet and confer" discussions

regarding the production of personnel files. Plaintiff requested the "complete" personnel files of eleven non-party employees. Viswanathan Decl., Ex. 2-B at 3-5. Defendant asserted that these requests were "overbroad," and intruded on third-party privacy rights. *Id*., Ex. 2-D.

On December 20, 2007, plaintiff attempted to tailor the personnel file requests more narrowly by specifically requesting the following:

> 1.) The backgrounds of these employees including their ages, education levels, the colleges they attended, their ethnic makeup, their national origin, their gender, and their previous work history prior to joining the University of California.
>
> 2.) The number of years these employees worked for the University of California and the number and kinds of positions these employees held during their tenure at the University, including a listing of job titles and departments in which these employees worked during their tenure.
>
> 3.) Salaries, bonuses and other compensation these employees received from 1999-2006.
>
> 4.) Any and all information related to their work performance, including but not limited to performance evaluations of these employees, any problems associated with their performance, any disciplinary actions taken against any of these employees or any merit increases these employees may have received from 1999-2006.
>
> 5.) Any and all information related to any complaints and/or investigations against these employees from 1999-2006.
>
> 6.) Any and all information related to any complaints these employees may have lodged against others during the period from 1999-2006.
>
> 7.) All information related to the placement, reassignment, resignation and/or termination of these employees from 1999-2006, including but not limited to the reasons for departure, separation codes, and the subsequent positions, if any, these employees assumed (including their new job titles, salaries and compensation, the location and names of the new departments and/or employers as well as any funding subsidies from the Berkeley campus, applicable forms such as Interview Data Forms (IDFs), transfer of funds, Personnel Action Forms (PAFs), communications and job description cards).
>
> 8.) All information related to additional paid leave or approved use of vacation and/or sick leave prior to their separation from the Berkeley campus of the University of California.

2

    9.)     Any and all information in their files related to former Vice-Chancellor Donald McQuade.

    10.)    Any and all information in their files related to Andrea Nakagawa.

    11.)    Any and all information in their files related to their supervisors and/or subordinates from 1999-2006.

Viswanathan Decl., Ex. 2-I.

In response, defendant requested that plaintiff "articulate more clearly why you believe you need to see a particular person's file" in order to "balance the person's right to privacy with your right to relevant information." *Id*., Ex. 2-J. Specifically, defendant requested that plaintiff identify the employee, the basis for plaintiff's belief that anything about that employee is relevant to the case, and the information that plaintiff seeks about each employee. *Id*. The parties disputed whether plaintiff had already provided defendant with sufficient information. On March 20, 2008, plaintiff filed the current motion to compel.

## DISCUSSION

Under the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any matter that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Consistent with notice pleading requirements, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

In employment discrimination cases, "courts have routinely ordered the production of personnel files of third parties . . ." *Ceramic Corp. of Am. v. Inka Mar. Corp*., 163 F.R.D. 584 (C.D. Cal. 1995); *see Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990) (noting that an employee "may

prove his or her claim of unlawful discrimination by evidence that other employees of different races or national origin were treated differently in similar circumstances") (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973)).

However, federal courts also recognize "[a] person's interest in preserving the confidentiality of sensitive information contained in his personnel files" *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 319 n. 16 (1979) (noting recognition in both federal and state legislation governing the recordkeeping activities of public employers and agencies). Thus, federal courts "ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Megargee v. Wittman*, 2007 WL 2462097 *2 (E.D. Cal. 2007) (citing cases including *Breed v. U. S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); *Ragge v. MCA/Universal*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) ("Although the right to privacy is not a recognized privilege, many courts have considered it in discovery disputes.")). Accordingly, a proper balance needs to be struck in an employment discrimination case between plaintiff's need to discover information about co-workers, and defendants' privacy rights in their employment files. *Ragge*, 165 F.R.D. at 604.

Here, defendant has raised the issue of the individual non-party employees' right to privacy.[1] Defendant does not oppose the disclosure of relevant portions of the non-party personnel files but requests that plaintiff further tailor her requests.

Plaintiff has requested the personnel files of five similarly-situated non-party employees: Marily

---

[1] Defendant has cited *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990), to suggest that the personnel files are protected by the official information privilege. However, the privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). This must be done by filing an affidavit or declaration setting forth five specific factors. *Kelly v. San Jose,* 114 F.R.D. 653, 670 (N.D. Cal. 1987). Because defendant has not properly raised the question of official privilege, the Court will not reach that issue.

4

Howekamp, John Cash, Linda Fabbri, George Strait, and Robert Gendron. The Court finds that plaintiff's request, as tailored by plaintiff's December 20, 2007 letter,[2] is relevant and reasonable and orders defendant to produce those documents.[3]

Plaintiff has also requested the personnel file of David S. Moers because plaintiff wishes to explore further the allegations of a gender discrimination complaint that was allegedly lodged against him, as this information may reflect a "pattern and practice" of U.C. Berkeley's male senior management. The Court finds the request for David S. Moers' personnel file to be overbroad and orders defendant to produce only those documents in his file that relate to any gender discrimination complaints.

Plaintiff has also requested the personnel files of the following replacement employees to determine the existence of a "pattern or practice" of discriminatory preference for certain classes of individuals: Patrick O'Leary, Sri Reganathan, and Rosemary Kim. Although Rosemary Kim did not replace plaintiff, plaintiff has alleged that she took on many of the responsibilities of Marily Howekamp who was situated similarly to plaintiff. The Court finds plaintiff's request to be relevant and reasonable and orders defendant to produce the personnel files for these employees.

Finally, plaintiff has requested the personnel files of the following subordinate employees who worked under Robert Gendron: Elizabeth Yung, Assefa Tesema, and Pattie Whitman. Plaintiff asserts

---

[2] The Court finds that plaintiff's original request for the "complete" personnel files to be overbroad in every case. Accordingly, any grant of plaintiff's request for personnel files without specific limitation made by the Court encompasses the limitations set forth in plaintiff's December 20, 2007 letter, as described in the background section of this order.

[3] Defendant asserts that it has previously produced Robert Gendron's personnel file in its entirety and cite to an email sent by defendant to plaintiff indicating that it "has produced the entire contents of what was represented to [it] as Gendron's entire personnel file" and "will continue [its] investigation to determine if there are any additional documents anywhere on campus." Viswanathan Decl., Ex. 2-E at 4. The Court orders defendant to produce any additional Gendron personnel documents not already produced to plaintiff.

5

1 that this will shed light on any performance-related problems Gendron may have had experienced in his
2 duties as supervisor of these three employees. The Court finds plaintiff's request overbroad and orders
3 defendant to produce only those documents from the personnel files that relate to performance-related
4 problems between Gendron and the three subordinate employees.

5 Any other privacy concerns defendant may have should be addressed by a protective order. *See*
6 *Grinzi v. Barnes*, 2004 WL 2370639 * 1 (N.D. Cal. 2004) ("The proper mechanism for an employer to
7 use to protect an employee's privacy interest in his personnel file is to obtain, either by stipulation or
8 motion, a properly crafted protective order under Rule 26(c).").

10 **IT IS SO ORDERED.**

12 Dated: April 22, 2008

SUSAN ILLSTON
13 United States District Judge